UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

FAMEFLYNET, INC.,

              Plaintiff,              16 Civ. 7645 (RWS)

  -against-                        OPINION

THE SHOSHANNA COLLECTION, LLC
AND SHOSHANNA GROUP, INC.,

              Defendants.

------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        SANDERS LAW, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, NY 11530
        By:  Craig B. Sanders, Esq.
             Jonathan M. Cader, Esq.
             Erica Carvajal, Esq.

        Attorneys for Defendants

        PRYOR CASHMAN LLP
        7 Times Square
        New York, NY 10036
        By:  Robert J. deBrauwere
             Ryan S. Klarberg, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-1-18

**Sweet, D.J.**

Plaintiff FameFlyNet, Inc. ("FFN" or the "Plaintiff") has moved for an award of attorney fees and costs, pursuant to 17 U.S.C. § 505, to be granted under this Court's October 2, 2017 Opinion (the "October Opinion") (Dkt. 41). Defendants, The Shoshanna Collection, LLC and Shoshanna Group, Inc. (collectively, the "Defendants") have moved to alter or amend the October 2, 2017 Judgment (the "Judgment") (Dkt. 42), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Based on the facts and conclusions set forth below, the Defendants' motion to alter or amend the judgment is denied, and the Plaintiff's motion for attorney fees is granted in part.

## I. Prior Proceedings & Facts

The proceedings in this action for copyright infringement were set forth in the October Opinion, which granted damages of $750 to the Plaintiff. The factual background and procedural history of this litigation is detailed in the October Opinion, familiarity with which is assumed. *See FameFlynet, Inc. v. Shoshanna Collection, LLC*, No. 16 Civ. 7645, 2017 WL 4402568, at *1 (S.D.N.Y. Oct. 2, 2017).

1

The Plaintiff filed the instant motion for attorney fees on October 16, 2017, and the Defendants filed the motion to alter or amend the judgment pursuant to Rule 59(e) on October 26, 2017, both of which were heard and marked fully submitted on December 6, 2017.

## II. **The Defendants' Motion for Reconsideration is Denied**

"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Rather, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (brackets in original).

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Pascazi v. Rivera*, No. 13 Civ. 9029 (NSR), 2015 WL 5783944, at *1 (S.D.N.Y.

2

Oct. 1, 2015) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citation omitted). As the Second Circuit has stated, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Rather, "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. New York City Dept. of Social Services*, 709 F.2d 782, 789 (2d Cir. 1983) (internal quotations and citations omitted). To this end, "the moving party has a heavy burden to establish factual error sufficiently serious to merit an amendment." *Wallace v. Brown*, 485 F. Supp. 77, 79 (S.D.N.Y. 1979).

In this case, Defendants have not brought any new factual matters or legal points to the Court's attention. Rather, every factual matter or controlling point of law referenced in Defendants' current motion was both raised by Defendants in the summary judgment motions and considered by the Court in its ruling. Defendants have failed to show at the very outset that they are entitled to relief under Rule 59. Accordingly, the Defendants have failed to meet the standard for a Rule 59(e) motion as set forth above, particularly in view of

3

the discretion exercised by this Court in granting the damage award within the statutory framework.

III. **The Plaintiff's Motion for Attorney's Fees is Granted in Part**

In determining an attorney's fee award, a court must first calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). Historically, the starting point for calculating attorneys' fees has been the lodestar method, which involves setting an hourly rate, multiplying it by the hours reasonably expended, and finally adjusting the award in light of case-specific factors. *Id.* at 187. However, the Second Circuit has found that the lodestar method's "value as a metaphor has [been] deteriorated to the point of unhelpfulness." *Id.* at 190. Instead, a court should, "in exercising its considerable discretion, [] bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees . . ." *Id.*

Specifically, the Second Circuit has pointed to the factors outlined in *Johnson v. Georgia Highway Express*, 488 F.2d

4

714 (5th Cir. 1974) that courts should consider in determining the fee award. The twelve factors are:

> (1) The time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (quoting *Johnson*, 488 F.2d at 717-19). Moreover, a "reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* At 190. The Supreme Court has held that "other considerations [] may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained,'" which "is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Defendants have presented unrebutted evidence with respect to the conduct of this litigation and other actions brought by Plaintiff's counsel. On September 29, 2016,

5

Plaintiff's counsel filed five nearly identical complaints on behalf of FFN and Barcroft Media. *See* deBrauwere Declaration in Opposition to Plaintiff's Motion for Fees, Exhibit A ("deBrauwere Decl. in Opp. Ex. A"). They also filed nine other nearly identical complaints the preceding three days, and two more the following week. *See* deBrauwere Decl. in Opp. Ex. B. Plaintiff's counsel has employed work from their other cases and was aware throughout the pendency of this action that the license fee for use of the infringed photograph at issue here was $75.

Plaintiff's counsel did not employ any clerical staff to perform clerical work. In a number of instances, Craig Sanders, Esq. ("Sanders"), the highest billing attorney on the matter, filed documents and prepared a table of contents. *See, generally*, Sanders Decl. Ex. 1. Attorneys who are overqualified for clerical tasks are not allowed to be paid at their hourly rate for this work. See *Microsoft Corp. v. Computer Care Center, Inc.*, No. 06 Civ. 1429 (SLT), 2008 WL 9359718, at *14 (E.D.N.Y. Apr. 8, 2008) (citation omitted) (reducing fees where the attorney "billed at a partner's rate for a variety of tasks that could have been performed by an associate or even clerical staff"); *see also Davis v. N.Y. City Hous. Auth.*, No. 90 Civ. 628, 2002 WL 31748586, at *3-4 (S.D.N.Y. Dec. 6, 2002) (noting

6

that substantial reductions should be made for hours spent preparing exhibits, proofreading, and other non-legal matters); *Bridges v. Eastman Kodak Co.*, No. 91 Civ. 7985 (RLC), 1996 WL 47304, at *7-8 (S.D.N.Y. Feb. 6, 1996), *aff'd*, 102 F.3d 56 (2d Cir. 1996) (disallowing charges by attorneys for clerical work such as filing and mailing).

A review of the time records submitted as billing invoices establishes that a reasonable expenditure of time by Sanders for the preparation of the complaint is three (3) hours, for court appearances and preparation of the summary judgment materials is twenty (20) hours, and five (5) hours for the abortive settlement discussion.[1]

A similar review of the time reasonably expended by the associates of Plaintiff's counsel establishes that Erica Carvajal, Esq. ("Carvajal") spent twenty (20) hours conducting discovery and assisting with respect to the summary judgment motion, and eight (8) hours for Jonathan Cader, Esq. ("Cader") with respect to the same tasks.

---

[1] The Defendants' version of these discussions is unrebutted and the positions taken by Plaintiff's counsel appear arbitrary to an extreme extent.

7

As for hourly rates, the Plaintiff seeks an hourly rate for Sanders of $700, for Carvajal of $400, and for Cader of $500. Also, Sanders has stated that his Garden City, Long Island-based law firm is a "boutique." (Sanders Decl. Ex. 12). The Second Circuit has noted that there is a disparity in hourly rates between smaller and larger firms, and that this should be taken into account when deciding a fee motion. See *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058-59 (2d Cir. 1989). Moreover, Plaintiff's counsel is based in the Eastern District, where rates are lower than those sought in this proceeding. *See e.g., Musical Prods., Inc. v. Roma's Record Corp.*, No. 05-cv-5903 (FB) (VVP), 2009 WL 3052630, at *10 n.3 (E.D.N.Y. Sep. 23, 2009) (finding that attorney hourly rates in a copyright case were excessive when a partner billed at $425 an hour, and associates billed at $250, $165, and $150); *see also Sheldon v. Plot Commerce*, No. 15-cv-5885 (CBA) (CLP), 2016 WL 5107072 (E.D.N.Y. Aug. 26, 2016) ($300 per hour is appropriate for a senior associate or an associate who is specialized in intellectual property); *Telebrands Corp. v. HM Import USA Corp.*, No. 09-cv-3492 (ENV) (RLM), 2012 WL 3930405 (E.D.N.Y. July 26, 2012) (granting $400 per hour for partners and $265 per hour for associates in copyright infringement case); *Realsongs v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81, 92 (E.D.N.Y. 2010) (granting attorneys' fees at rates of $425 for partners and $325

8

for senior associates, where attorneys were experts in intellectual property).

Plaintiff has cited *FameFlynet, Inc. v. AllHipHop.com LLC*, No. 16 Civ. 2210 (PGG) (S.D.N.Y. Sept. 15, 2016) to support the contention that the hourly rates requested have been deemed "reasonable." However, in that action, an analysis regarding the hourly rates was made, and the court entered an unopposed default judgment against the Defendant. Following the most appropriate authority in the Eastern District, cited above, the motion of the Plaintiff is granted in part and Plaintiff will be granted a reasonable attorneys' fee of $400 an hour for Sanders and $265 an hour for Carvajal and Cader.

## IV. Conclusion

Based on the conclusions set forth above, the motion of the Defendants to modify the October 2 Opinion is denied. The motion of the Plaintiff for attorneys' fees, as modified, in the amount of $17,620 is granted.

It is so ordered.

**New York, NY**
**February /, 2018**

ROBERT W. SWEET
U.S.D.J.